[No. C045963. Third Dist. Aug. 19, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
ABACUT BELTRAN ORIHUELA, Defendant and Appellant.

## COUNSEL

J. Robert Spangler and Joshua Kaizuka, under appointments by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Stephen G. Herndon and Maggy Krell, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**MORRISON, J.**—In 2001 defendant pleaded no contest to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and driving with a blood-alcohol level above .08 (Veh. Code, § 23152, subd. (b)), and was granted diversion pursuant to Penal Code section 1000.

While still participating in diversion, defendant missed a scheduled court appearance, and was thereafter charged with felony failure to appear after having been released on his own recognizance, pursuant to Penal Code section 1320, subdivision (b) (all further statutory references are to the Penal Code). Following his unsuccessful motion to set aside the information (§ 995), defendant was convicted following a court trial of felony failure to appear.

On appeal, defendant contends his conviction must be reversed because, as a matter of law, a person granted diversion pursuant to section

1000 cannot be convicted of failing to appear under section 1320. The Attorney General concedes the error, and we agree: defendant's conviction for felony failure to appear shall be reversed.

## DISCUSSION

■ Section 1320 criminalizes the failure to appear following a release from custody on one's own recognizance: it provides that every person charged with or convicted of committing a felony and "who is released from custody on his or her own recognizance and who in order to evade the process of the court willfully fails to appear as required" is guilty of a felony. (§ 1320, subd. (b).)

On the court minute order form showing that defendant was ordered to return to court on September 18, 2002, his status is noted by a mark in the box labeled "OR." Other form minute orders entered following defendant's diversion likewise indicated that defendant was released on his own recognizance following his diversion. Defendant's failure to appear at his September 18, 2002 hearing formed the basis for his conviction.

■ The parties agree on appeal, however, that a defendant on diversion pursuant to section 1000 has not been released "on his own recognizance," and thus cannot be guilty under section 1320 for failure to appear. They are correct.

Penal Code sections 1000 through 1000.4 "authorize the courts to 'divert' from the normal criminal process persons who are formally charged with first-time possession of drugs . . . and are found to be suitable for treatment and rehabilitation at the local level. The purpose of such legislation . . . is two-fold. First, diversion permits the courts to identify the experimental or tentative user before he becomes deeply involved with drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction. Second, reliance on this quick and inexpensive method of disposition, when appropriate, reduces the clogging of the criminal justice system by drug abuse prosecutions and thus enables the courts to devote their limited time and resources to cases requiring full criminal processing." (*People v. Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 61–62 [113 Cal.Rptr. 21, 520 P.2d 405], fn. omitted.)

Under diversion (as it operates under the current statutory scheme), "[n]ot only are criminal proceedings suspended, but 'the accused is required to enter a guilty plea, and formal judgment is deferred.' [Citations.] If diversion is successfully completed, the charges are dismissed and the defendant is spared

'the stigma of a criminal record.' [Citations.]" (*People v. Ormiston* (2003) 105 Cal.App.4th 676, 690 [129 Cal.Rptr.2d 567].) As a consequence, "[d]iversion . . . does not constitute a special custodial status or other form of release of the defendant with a promise to appear at further proceedings, but rather a guilty plea and resolution of the case in the nature of ' "a specialized form of probation . . ." ' for a particular class of defendants." (*Id.* at p. 692.) In sum, "an order of diversion under the deferred judgment statutes is neither a 'release' on bail or OR nor the functional equivalent of it . . . ." (*Ibid.*)

Thus, notwithstanding that a box checked on a minute order form indicates defendant was released on his own recognizance, he was not: he was diverted pursuant to section 1000. Although section 1000 " 'prescribes a number of terms and conditions' related to successful completion of drug treatment that may be imposed upon the defendant" (*People v. Ormiston, supra,* 105 Cal.App.4th at p. 691), potential prosecution for failure to appear under section 1320 is not among them. And "no 'additional conditions' are authorized by the statute to insure subsequent court appearances." (*Ibid.*)

## DISPOSITION

The judgment is reversed.

Blease, Acting P. J., and Robie, J., concurred.