[No. F049564. Fifth Dist. Dec. 13, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
JAMES DYLAN POPULAR, Defendant and Appellant.

**COUNSEL**

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Mary Jo Graves, Assistant Attorney General, Stephen G. Herndon and David Andrew Eldridge, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

### DAWSON, J.—

## FACTUAL AND PROCEDURAL HISTORY

We consider here and reject appellant's argument that, after the passage of three years, a trial court loses jurisdiction to revoke deferred entry of judgment pursuant to Penal Code[1] section 1000 et seq. and to reinstate criminal proceedings.

On April 12, 2002, officers stopped appellant's vehicle and found approximately one pound of marijuana and $3,720 in currency. A felony complaint was filed, which after amendment alleged appellant transported marijuana in violation of Health and Safety Code section 11360, subdivision (a), possessed marijuana for sale in violation of Health and Safety Code section 11359, and cultivated marijuana in violation of Health and Safety Code section 11358.

On June 11, 2002, the parties stipulated that the marijuana was intended for appellant's personal use and appellant pled guilty to the cultivation charge with the agreement that he would be granted deferred entry of judgment pursuant to section 1000 et seq. The remaining counts were dismissed. On July 9, 2002, the trial court deferred entry of judgment and ordered appellant to report to probation within one week and to complete drug treatment.

Almost a year later, on May 28, 2003, appellant failed to appear, and the trial court "tentatively exclude[d]" him from deferred entry of judgment. After requested continuances and further failures to appear by appellant, a hearing was set to determine whether appellant should be excluded from deferred entry of judgment. On November 21, 2003, the request for entry of judgment was "dropped," and appellant was "re-referred" into the deferred entry of judgment program.

At a hearing on June 21, 2004, without appellant present, the probation officer appeared and informed the court that appellant was doing well in the drug treatment program.

A year and four months later, however, on October 4, 2005, appellant failed to appear again, and another bench warrant issued. Appellant appeared in open court on October 17, 2005, and denied noncompliance. At a

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

subsequent hearing on October 28, 2005, the court denied appellant's request for a third referral to a rehabilitation program and set a formal hearing on the matter. Thereafter, on November 18, 2005, and December 9, 2005, the trial court denied appellant's motion to dismiss the underlying charges, and it then excluded him from the deferred entry of judgment program. At sentencing, appellant was placed on probation and ordered to serve 270 days in the county jail.

## DISCUSSION

Appellant's sole contention is that his dismissal motion should have been granted because the trial court lacked jurisdiction to proceed on the criminal charges after the three-year limit for participation in the deferred entry of judgment program came to an end on July 9, 2005. As we explain below, we disagree with appellant's interpretation of the statute.

"[S]ections 1000 to 1000.4, enacted in 1972, authorize the courts to 'divert' from the normal criminal process persons who are formally charged with first-time possession of drugs, have not yet gone to trial, and are found to be suitable for treatment and rehabilitation at the local level." (*People v. Superior Court (On Tai Ho)* (1974) 11 Cal.3d 59, 61 [113 Cal.Rptr. 21, 520 P.2d 405].) If the defendant is found suitable, pleads guilty to the charges, and waives time for trial, entry of judgment is deferred for the duration of the program. (§§ 1000.1, subd. (b), 1000.2.) If the defendant completes the program successfully, the charges are dismissed. (§ 1000.3.)[2]

Section 1000.2 states that a hearing is to be held to determine "if the defendant should be granted deferred entry of judgment." (§ 1000.2.) If deferred entry of judgment is not granted, proceedings are to continue "as in any other case." If deferred entry of judgment is granted, "[t]he period . . . shall be for no less than 18 months nor longer than three years." (§ 1000.2.)

Appellant contends pursuant to section 1000.2 that, once the three-year date in his case had passed on July 9, 2005, the charge against him was "essentially dismissed by operation of law" and the court had no jurisdiction to do anything but perform a "ministerial act" of dismissal. Respondent contends (1) that appellant's claim of loss of jurisdiction is based on an incorrect assumption—his mistaken belief that there was one continuous

---

[2] There is a distinction between the diversion program and the deferred entry of judgment program. The former did not involve a guilty plea; the latter, effective in 1997, requires a guilty plea. (*People v. Davis* (2000) 79 Cal.App.4th 251, 254–256 [93 Cal.Rptr.2d 905].)

period of deferred entry of judgment in his case, when, in fact, there were two; and (2) that the statute requires a finding that a defendant has performed satisfactorily before a charge or charges against him will be dismissed. We agree with respondent's latter contention and therefore need not address the former.

The question presented is one of statutory construction, which we review de novo as a question of law. (*People v. Taylor* (1992) 6 Cal.App.4th 1084, 1090–1091 [8 Cal.Rptr.2d 439].)

■ We are bound by certain well-established principles of statutory interpretation. Penal Code sections must generally be construed " 'according to the fair import of their terms, with a view to effect its objects and to promote justice.' " (*In re Smith* (1966) 64 Cal.2d 437, 440 [50 Cal.Rptr. 460, 412 P.2d 804].) ■ When construing a statute, a court must first "examine the words at issue to determine whether their meaning is ambiguous." (*Sand v. Superior Court* (1983) 34 Cal.3d 567, 570 [194 Cal.Rptr. 480, 668 P.2d 787].) If statutory law is " ' "clear and unambiguous there is no need for construction, and courts should not indulge in it." ' " (*In re Lance W.* (1985) 37 Cal.3d 873, 886 [210 Cal.Rptr. 631, 694 P.2d 744]; see also *People v. Baker* (1968) 69 Cal.2d 44, 50 [69 Cal.Rptr. 595, 442 P.2d 675] [emphasizing that the plain meaning of words used is not to be disregarded].) But, "the 'plain meaning' rule does not prohibit a court from determining whether the literal meaning of a statute comports with its purpose or whether such a construction of one provision is consistent with other provisions of the statute." (*Lungren v. Deukmejian* (1988) 45 Cal.3d 727, 735 [248 Cal.Rptr. 115, 755 P.2d 299].) We do not apply the plain meaning of the statute "when it would inevitably . . . frustrate[] the manifest purposes of the legislation as a whole or [lead] to absurd results." (*People v. Belleci* (1979) 24 Cal.3d 879, 884 [157 Cal.Rptr. 503, 598 P.2d 473].)

■ Utilizing the above principles, we conclude that sections 1000 to 1000.4 are clear and unambiguous and thus must be applied here according to their plain meaning: that the dismissal of a charge or charges against a defendant in a deferred entry of judgment program is triggered by successful completion of a drug treatment program, as specified in the statute, and not, as argued by appellant, by the mere passage of three years.

Section 1000.1, subdivision (a)(3) and (4) provides that, if it is determined that the deferred entry of judgment program may be applicable to a defendant, the prosecuting attorney must inform the defendant and his or her attorney in writing:

"[T]hat in lieu of trial, the court may grant deferred entry of judgment with respect to any crime specified in subdivision (a) of Section 1000 that is

charged, provided that the defendant pleads guilty to each such charge and waives time for the pronouncement of judgment, and that upon the defendant's successful completion of a program, as specified in subdivision (c) of Section 1000, the positive recommendation of the program authority and the motion of the prosecuting attorney, the court, or the probation department, but no sooner than 18 months and no later than three years from the date of the defendant's referral to the program, the court shall dismiss the charge or charges against the defendant.

"[T]hat upon any failure of treatment or condition under the program, or any circumstance specified in Section 1000.3, the prosecuting attorney or the probation department or the court on its own may make a motion to the court for entry of judgment and the court shall render a finding of guilt to the charge or charges pled, enter judgment, and schedule a sentencing hearing as otherwise provided in this code." (§ 1000.1, subd. (a)(3), (4).)

So, under the requirements of the statute, the defendant is told at the outset, before entry into the program, that the charges will be dismissed after successful completion of the program, within a specified time period, but that "any failure" under the program, without reference to a time period, will result in the entry of judgment on the charge or charges to which the defendant pled.

These same provisions—that the deferred entry of judgment program is offered for a specified amount of time, that the charge or charges will be dismissed upon successful completion of the program, and that failure to complete the program, without reference to timeframe, will result in the entry of judgment of the charge or charges pled to—are repeated in the remainder of the section.

Section 1000.2 provides that, if deferred entry of judgment is granted, that period "shall be for no less than 18 months nor longer than three years." There is no mention of the dismissal of the charge or charges in section 1000.2. But section 1000.3 provides, in relevant part: "If the court finds that the defendant is not performing satisfactorily in the assigned program, or that the defendant is not benefiting from education, treatment, or rehabilitation, or the court finds that the defendant has been convicted of a crime as indicated above, or that the defendant has engaged in criminal conduct rendering him or her unsuitable for deferred entry of judgment, the court shall render a finding of guilt to the charge or charges pled, enter judgment, and schedule a sentencing hearing as otherwise provided in this code. [¶] If the defendant has performed satisfactorily during the period in which deferred

entry of judgment was granted, at the end of that period, the criminal charge or charges shall be dismissed." ▮ As described by our Supreme Court, "the statute provides that if the defendant fails in the rehabilitation program prescribed by the court in its order of diversion his case will be 'referred to the court for arraignment and disposition' as 'a regular criminal matter.' On the other hand, if the defendant successfully completes the rehabilitation program 'the charges shall be dismissed.' " (*People v. Superior Court* (*On Tai Ho*), *supra*, 11 Cal.3d at p. 67, fns. omitted.)

▮ Nothing in the statutory scheme states that the mere passage of three years is cause for dismissal of the charges. Instead, the words of the statute unequivocally tie the dismissal of a criminal charge to the satisfactory performance on the part of the defendant. To interpret the statute otherwise would lead to absurd consequences. (*People v. Montes* (2003) 31 Cal.4th 350, 356 [2 Cal.Rptr.3d 621, 73 P.3d 489] [" 'We will avoid any interpretation that would lead to absurd consequences' "].) Here, appellant was able to "spend" a good deal of the three-year period either failing to appear in court or asking for continuances on the mandated hearings. To reward him for such behavior would be absurd.

▮ We also find appellant's reading of the statute is contrary to its purpose. Deferred entry of judgment is not a right but, instead, a pretrial alternative available to a particular category of defendants. (*People v. Murphy* (1998) 61 Cal.App.4th Supp. 5, 9 [74 Cal.Rptr.2d 116].) The statute's purpose is two-fold, the first being remedial: " 'First, diversion permits the courts to identify the experimental or tentative user before he becomes deeply involved with drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction. Second, reliance on this quick and inexpensive method of disposition, when appropriate, reduces the clogging of the criminal justice system by drug abuse prosecutions and thus enables the courts to devote their limited time and resources to cases requiring full criminal processing.' [Citation.]" (*People v. Barrajas* (1998) 62 Cal.App.4th 926, 930 [73 Cal.Rptr.2d 123].)

To allow for, or, as appellant contends, to mandate the dismissal of a charge or charges on the basis that a time period has passed, without the necessity of finding that the defendant has performed satisfactorily, would defeat the purpose of the legislation, which is remedial in nature. We decline the invitation to do so.

## DISPOSITION

The judgment is affirmed.

Harris, Acting P. J., and Cornell, J., concurred.

On January 3, 2007, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied April 11, 2007, S149184. George, C. J., did not participate therein.