[No. C064804. Third Dist. Dec. 29, 2010.]

THE PEOPLE, Plaintiff and Respondent, v.
ANITA MARIE TRASK, Defendant and Appellant.

## COUNSEL

Syda Kosofsky, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Alice Su, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**CANTIL-SAKAUYE, J.**—This case presents the question of whether a criminal defendant granted deferred entry of judgment under Penal Code section 1000 et seq.,[1] may be terminated from such diversion based solely on her inability to pay the fees of the program to which she has been referred. The answer is no. We shall reverse the judgment and remand for further proceedings.

### BACKGROUND

Defendant Anita Marie Trask was charged with possession of methamphetamine in violation of Health and Safety Code section 11377, subdivision (a),

---

[1] Hereafter, undesignated statutory references are to the Penal Code.

and false impersonation of another in violation of section 529.3.[2] Defendant entered a nolo contendere plea to the Health and Safety Code section 11377, subdivision (a) charge and the remaining charge was dismissed on the motion of the prosecution. Defendant was granted deferred entry of judgment (diversion) under the provisions of section 1000 et seq.

Defendant reported to the probation department and was assigned to attend the National Council on Alcoholism and Drug Dependence, Inc. (NCADD), drug diversion program. Defendant attempted to enroll in the NCADD program, but could not afford the intake fee or the monthly payments for the program. She filed a motion for a grant of diversion at no cost or an alternative approved program at no cost. By an amended motion, defendant sought assignment to a no-cost diversion program or a fee waiver for an approved program.

In support of her amended motion, defendant submitted her own declaration as well as a declaration from her appointed public defender.

In her declaration, defendant stated she is a single mother with five minor children, ranging in age from 3 years old to 14 years old. Her only current source of income is Social Security. She is often homeless. When she went to probation to sign up for diversion, she was assigned to take the NCADD program. Defendant spoke with a person at NCADD about enrollment. Defendant was told the intake fee could only be reduced to $75, that defendant could not make installment payments on the intake fee and that she would have to make monthly payments on the program cost. Defendant expressed her willingness to take another drug program. She declared she is a certified registered nurse assistant in South Dakota, where her mother lives, and she has a job waiting for her in that state once this case resolves. She will lose her occupation if she has a drug charge on her record.

Defendant's counsel stated in her declaration that she had verified defendant's willingness and efforts to participate in the diversion program. Counsel contacted an office assistant at the diversion division of the county probation office to determine if defendant could get into a program at no cost. Counsel was advised that defendant had been told to sign up with NCADD. When defense counsel called NCADD, she spoke with a drug counselor, the same counselor who spoke with defendant when defendant went in for intake. The drug counselor informed defense counsel of the intake fee and required monthly program payments. The counselor informed defense counsel that there was no fee waiver available. The counselor suggested two programs that might pay defendant's intake fee, but later investigation showed defendant was not eligible because of this pending felony case. Defense counsel

---

[2] The facts underlying the charges are not relevant to this appeal.

then contacted a probation officer who informed counsel that there were no free diversion drug programs offered because the city (counsel believed the officer meant the county) was broke and no longer had any programs to which clients could be referred.

Two hearings were held on defendant's motion for a no-cost diversion program or fee waiver. At the first hearing, the prosecution orally opposed defendant's motion and the trial court indicated it would deny diversion. At the second hearing, defense counsel confirmed again that there were no free diversion programs currently offered and asked the court to expressly find defendant had no ability to pay. The court found defendant has an "inability to pay," but "denied the diversion" with the advice to "[t]ake it up." The court stated the issue for appeal as "does the county have to provide a program for people who cannot afford to pay—who prove they cannot afford to pay for diversion?"

Defendant tried to "take it up," but we dismissed her appeal as being from a nonappealable order. (*People v. Trask* (Mar. 11, 2010, C064336), citing *Butler v. Superior Court* (1998) 63 Cal.App.4th 64, 69 [73 Cal.Rptr.2d 504].)

The trial court then terminated defendant from diversion, reinstated criminal proceedings, and placed defendant on formal probation for three years, conditioned, among other things, on service of 60 days in county jail.

Defendant timely appealed and the trial court granted her request for a certificate of probable cause.

## DISCUSSION

Defendant contends she must be provided with the opportunity to participate in a no-cost diversion program and that the trial court erred in *denying her diversion* based on her inability to pay. Defendant requests reversal of the judgment and remand of the matter with an order requiring "the Sacramento County Probation Department to provide [defendant] with a no-cost diversion program." Alternatively, defendant argues the trial court should order the probation department to pay the NCADD program fees.

The People concede "the court abused its discretion by *denying* [defendant] *diversion* even after making the finding that appellant could not pay for diversion and finding no contrary evidence that no drug diversion programs had fee exemptions in place for indigent defendants." (Italics added.) The People suggest the remedy is for this court to "remand the case for the trial court to consider the requirement of 'fee exemptions' with regard to NCADD

or other county-run drug diversion programs in determining [defendant's] *eligibility* for diversion." (Italics added.)

Our review of the record reflects defendant was found eligible for diversion and that the court granted her deferred entry of judgment under section 1000 et seq. The issue on appeal, properly phrased, is whether the trial court erred in *terminating* her diversion when it became clear she could not pay the fees outlined by the NCADD drug counselor for the NCADD program. This presents a question of statutory construction, which we review de novo as a question of law. (*People v. Popular* (2006) 146 Cal.App.4th 479, 484 [52 Cal.Rptr.3d 708].)

■ "We are bound by certain well-established principles of statutory interpretation. Penal Code sections must generally be construed ' "according to the fair import of their terms, with a view to effect its objects and to promote justice." ' [Citation.] When construing a statute, a court must first 'examine the words at issue to determine whether their meaning is ambiguous.' [Citation.] If statutory law is ' " 'clear and unambiguous there is no need for construction, and courts should not indulge in it.' " ' [Citations.]" (*People v. Popular, supra*, 146 Cal.App.4th at p. 484.) " 'We construe the words of a statute in context, and harmonize the various parts of an enactment by considering the provision at issue in the context of the statutory framework as a whole. [Citations.]' [Citation.]" (*People v. Cottle* (2006) 39 Cal.4th 246, 254 [46 Cal.Rptr.3d 86, 138 P.3d 230].)

■ As applicable here, the Legislature has set forth a statutory scheme for deferred entry of judgment in sections 1000 through 1000.4. These sections " 'authorize the courts to "divert" from the normal criminal process persons who are formally charged with first-time possession of drugs . . . and are found to be suitable for treatment and rehabilitation at the local level. The purpose of such legislation . . . is two-fold. First, diversion permits the courts to identify the experimental or tentative user before he becomes deeply involved with drugs, to show him the error of his ways by prompt exposure to educational and counseling programs in his own community, and to restore him to productive citizenship without the lasting stigma of a criminal conviction. Second, reliance on this quick and inexpensive method of disposition, when appropriate, reduces the clogging of the criminal justice system by drug abuse prosecutions and thus enables the courts to devote their limited time and resources to cases requiring full criminal processing.' [Citation.]" (*People v. Orihuela* (2004) 122 Cal.App.4th 70, 72 [18 Cal.Rptr.3d 427].)

We briefly review the statutory scheme.

■ Section 1000, subdivision (a), enumerates the criminal offenses that will bring a case within the coverage of the deferred entry of judgment

scheme and sets forth the eligibility requirements for the defendant. Subdivision (b) of section 1000 requires the prosecuting attorney to determine whether the defendant meets these criteria and to file with the trial court a declaration or state for the record whether or not the defendant is eligible, along with the grounds upon which such determination was based.

If the prosecuting attorney determines the deferred entry of judgment provisions may be applicable to the defendant, he or she must advise the defendant and his or her attorney in writing of that determination. (§ 1000.1, subd. (a).) A hearing is set for the court to consider deferred entry of judgment. (§ 1000.2.)

At the hearing, if the defendant consents to further proceedings under the statutory provisions for deferred entry of judgment and waives his or her right to a speedy trial or a speedy preliminary hearing, the court may either refer the case to the probation department for investigation or summarily grant deferred entry of judgment provided the defendant pleads guilty to the charge or charges and waives time for pronouncement of judgment. (§§ 1000.1, subd. (b), 1000.2.) If the case is referred to the probation department, the probation department must conduct an investigation and report its findings and recommendations to the court. (§ 1000.1, subd. (b).) The court makes the final determination regarding the education, treatment, or rehabilitation for the defendant. (*Ibid.*) If the court determines that it is appropriate, the court grants deferred entry of judgment, again provided the defendant pleads guilty and waives time for the pronouncement of judgment. (*Ibid.*) If deferred entry of judgment is not granted, proceedings are to continue "as in any other case." (§ 1000.2.)

Section 1000, subdivision (c), provides: "*All referrals for deferred entry of judgment granted by the court* pursuant to this chapter *shall be made only to programs that have been certified* by the county drug program administrator pursuant to Chapter 1.5 (commencing with Section 1211) of Title 8, *or to programs that provide services at no cost to the participant and have been deemed by the court and the county drug program administrator to be credible and effective.* The defendant may request to be referred to a program in any county, as long as that program meets the criteria set forth in this subdivision." (Italics added.)

Section 1211 provides minimum requirements for a drug diversion program to be certified for purposes of section 1000. Among the requirements is "[f]ee exemptions for persons who cannot afford to pay." (§ 1211, subd. (a)(4).) The county drug program administrator recommends drug diversion programs for approval by the county board of supervisors. (§ 1211, subd. (c).)

While deferred entry of judgment is in place, the court may require progress reports to be filed by the probation department. (§ 1000.2.)

■ Section 1000.3 governs the termination of diversion. "If it appears to the prosecuting attorney, the court, or the probation department that the defendant is performing unsatisfactorily in the assigned program, *or* that the defendant is not benefiting from education, treatment, or rehabilitation, *or* that the defendant is convicted of a misdemeanor that reflects the defendant's propensity for violence, *or* the defendant is convicted of a felony, *or* the defendant has engaged in criminal conduct rendering him or her unsuitable for deferred entry of judgment, the prosecuting attorney, the court on its own, or the probation department may make a motion for entry of judgment. [¶] After notice to the defendant, the court shall hold a hearing to determine whether judgment should be entered. [¶] If the court finds that the defendant is not performing satisfactorily in the assigned program, *or* that the defendant is not benefiting from education, treatment, or rehabilitation, *or* the court finds that the defendant has been convicted of a crime as indicated above, *or* that the defendant has engaged in criminal conduct rendering him or her unsuitable for deferred entry of judgment, the court shall render a finding of guilt to the charge or charges pled, enter judgment, and schedule a sentencing hearing as otherwise provided in this code." (§ 1000.3, italics added.)

On the other hand, "[i]f the defendant has performed satisfactorily during the period in which deferred entry of judgment was granted, at the end of that period, the criminal charge or charges shall be dismissed." (§ 1000.3.)

The trial court here terminated defendant's diversion when it appeared she was not able to pay the fees assessed by the intake drug counselor of NCADD. However, the plain language of section 1000.3 provides for termination of diversion only when the defendant (1) is performing unsatisfactorily in the assigned program, (2) is not benefiting from education, treatment, or rehabilitation, (3) has been convicted of a misdemeanor that reflects defendant's propensity for violence or a felony, or (4) has engaged in criminal conduct rendering him or her unsuitable for deferred entry of judgment. (§ 1000.3.) In this case, defendant was never able to get into her assigned program. She had no chance to perform satisfactorily or unsatisfactorily. She had no chance to benefit from education, treatment, or rehabilitation. There is nothing in the record suggesting she was convicted of any crime or engaged in any further criminal conduct. There was no statutory basis for terminating her diversion.

■ Nor will we construe the statute to allow an additional ground for termination of diversion—the inability to pay fees. Such ground is not only absent from section 1000.3, it is inconsistent with the statutory scheme as a

whole. Nothing in the statutes suggests a defendant's ability to pay is a consideration for eligibility or completion of diversion. In fact, the opposite can be inferred. Section 1000, subdivision (c), expressly limits defendants referred for deferred entry of judgment to either "programs that have been certified by the county drug program administrator pursuant to Chapter 1.5 (commencing with Section 1211) of Title 8, or to programs that provide services at no cost to the participant and have been deemed by the court and the county drug program administrator to be credible and effective." That is, the defendant must be referred to an approved free drug diversion program or to a certified drug diversion program. Certified programs are required to include fee exemption provisions for persons who cannot pay. (§ 1211, subd. (a)(4).) Either way, section 1000, subdivision (c) accommodates the indigent defendant.

In light of these provisions, termination of diversion based solely on a defendant's inability to pay is inconsistent with and violates the deferred entry of judgment statutory scheme. Therefore, the trial court erred in terminating defendant's diversion under deferred entry of judgment solely based on her inability to pay the fees of the NCADD program to which she was referred.[3] We shall reverse the judgment.

Beyond reversal, however, we decline to order either remedy proposed by the parties.

It is not appropriate, as defendant requests, to remand this matter to the trial court with directions that it order "the Sacramento County Probation Department to provide [defendant] with a no-cost diversion program." Nothing in section 1000, subdivision (c), mandates a probation department itself to provide a no-cost drug diversion program. Section 1000, subdivision (c), authorizes a court to refer a defendant granted deferred entry of judgment to a program that provides services at no cost to the participant, provided the program is deemed by the court and the county drug program administrator to be credible and effective. But this program need not be run by the probation department or indeed, the county. And if there is no such free program available, the court may alternatively refer a defendant granted deferred entry

---

[3] Because we conclude termination of diversion based on an inability to pay program fees violates the statutory scheme, we need not reach defendant's claim that her constitutional rights were violated by the trial court's action. Nevertheless, we note a very serious constitutional question would be raised by an interpretation of the deferred entry of judgment statutes to allow termination on the ground of an inability to pay fees. (See *Bearden v. Georgia* (1983) 461 U.S. 660 [76 L.Ed.2d 221, 103 S.Ct. 2064] [probation revocation for failure to pay fine and restitution unconstitutional]; *State v. Anderson* (1984) 66 Ore.App. 855 [677 P.2d 39] [termination of pretrial diversion for failure to pay program fee unconstitutional]; see also *Mueller v. State of Indiana* (Ind.Ct.App. 2005) 837 N.E.2d 198 [denial of admission to pretrial diversion program based on inability to pay fee unconstitutional].)

of judgment to a credited program, which will have fee exemptions available by virtue of the requirements set forth in section 1211. (§ 1000, subd. (c).) The court may also consider a request by the defendant to be referred to a drug diversion program in another county, as long as that program meets the criteria of subdivision (c) of section 1000. (*Ibid.*)

Nor is it appropriate on this record to direct the trial court to order the probation department to pay for the NCADD drug diversion program. The record before the trial court reflects an intake drug counselor with NCADD advised defendant and her counsel that no fee waivers were available and defendant would be required to pay a reduced intake fee and make monthly payments for the program. We have no reason to question that this information was provided in good faith by the drug counselor, but we note it was not obtained from a program director, administrator or other person with administrative authority. NCADD represents itself as a certified program for purposes of drug diversion referrals pursuant to section 1000. As we have described, one of the minimum requirements for certification is a fee exemption program. (§ 1211, subd. (a)(4).) We therefore question whether the information provided by the drug counselor was accurate.[4] It appears at least that more official information needs to be obtained from NCADD.

We observe that more information regarding the programs available to indigents in Sacramento County may additionally be available from the county drug program administrator, who is the person statutorily responsible for the certification procedure (§ 1211, subd. (b)) and certification of drug diversion programs (§ 1000, subd. (c)) in the county, as well as jointly responsible for considering the credibility and effectiveness of no-cost programs. (§ 1000, subd. (c).)

We also observe section 1000.5 authorizes the operation of local, preguilty plea, drug court programs by written agreement of the presiding judge of the superior court, or a judge designated by the presiding judge, together with the district attorney and the public defender. (§ 1000.5, subd. (a).) If there is such a written agreement and program in place in Sacramento County, and if the program offers no-cost options, under the circumstances, the parties may consider it as an option to the deferred entry of judgment program. If so, and if necessary, defendant may have to move to withdraw her deferred entry of judgment guilty plea for the purpose of participating in the preguilty plea drug court program.

We conclude it is premature in this case to direct the trial court to order any specific option for defendant on this record. We reverse the judgment of

---

[4] If in fact NCADD does not have or no longer has a program of fee exemptions, it would appear the program's certification status is at risk.

conviction and the order terminating defendant's deferred entry of judgment diversion and remand for further proceedings.

## DISPOSITION

The judgment of conviction, along with the order terminating defendant's deferred entry of judgment diversion, is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

Raye, P. J., and Blease, J., concurred.