Filed 5/22/14  P. v. Financial Casualty & Surety CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>      Respondent,<br><br>      v.<br><br>FINANCIAL CASUALTY & SURETY, INC.,<br><br>      Appellant. | B247264<br><br>(Los Angeles County<br>Super. Ct. No. BA383044) |

APPEAL from an order of the Superior Court of Los Angeles County.  Jose I. Sandoval, Judge.  Affirmed.

John M. Rorabaugh for Appellant.

John F. Krattli, County Counsel, Ruben Baeza, Jr., Assistant County Counsel, Debbie C. Carlos, Associate County Counsel, for Respondent.

_____

Financial Casualty & Surety, Inc. (FCS) appeals from the trial court's order denying its motion to vacate forfeiture and exonerate bail. We affirm.

## BACKGROUND

On or about April 3, 2011, Roderick Lee Govan was arrested for carrying a loaded firearm in violation of former Penal Code section 12031, subdivision (a)(1),[1] and placed in custody. On April 6, 2011, FCS, through its agent, posted a bail bond in the amount of $35,000 to secure Govan's release from custody. In an information filed in this case on May 3, 2011, Govan was charged with one felony count under former section 12031, subdivision (a)(1).

On August 30, 2011, Govan appeared at a pretrial conference/trial setting hearing. The trial court heard and denied his motion to reduce the charge to a misdemeanor under section 17, subdivision (b). During a recess, the parties reached a plea deal under which Govan would plead no contest to the felony charge, be placed on probation for three years with credit for time served, and be required to perform 45 days of community labor with the California Department of Transportation (Caltrans). As the prosecutor stated on the record at the hearing, the parties also agreed to "put sentencing over for 18 months." If, at that time, Govan completed the 45 days of Caltrans and had "not picked up any other new offenses," the charge would be reduced to a misdemeanor at the sentencing hearing. The trial court clarified that Govan would "remain on misdemeanor probation for the remaining time at that point." The prosecutor informed Govan on the record: "If you have not completed 45 days of Caltrans, or if you have picked up any new cases, then you'll be sentenced on this charge as a felony to three years felony probation with credit for time served and 45 days Caltrans."

The prosecutor further informed Govan on the record: "If you are sentenced on this case as a felony and you violate any of the terms and conditions of your probation, then the court will have the option of reinstating you on probation and sentencing you to the remainder of time up to a year in county jail or to the state prison for either 16

---

[1] Further statutory references are to the Penal Code.

months, two or three years. [¶] . . . [¶] If you are sentenced on this case as a misdemeanor, and you violate any of the terms and conditions of probation, the maximum time the court could sentence you to is a year in the county jail."

Govan pleaded no contest to the felony charge at the August 30, 2011 pretrial conference/trial setting hearing. He gave up his right to be sentenced within 28 days, and agreed the sentencing could be continued for 18 months until February 28, 2013. He also waived his rights under *People v. Arbunkle* (1978) 22 Cal.3d 749, agreeing he could be sentenced on February 28, 2013 by a different judge than the one who took the plea. The court ordered Govan to return to court in five months, on January 30, 2012, "with proof of enrollment and participation in the Cal trans [sic] program." The court also ordered Govan's "bail to stand."

Govan failed to appear at the hearing on January 30, 2012 to show proof of enrollment and participation in the Caltrans program. The trial court commented: "He's not on probation yet because he hasn't been sentenced." The trial court issued a bench warrant for Govan, ordered bail forfeited, and issued a bail forfeiture notice which the court sent to FCS and its agent who posted the bail bond.

On October 2, 2012, FCS filed a motion to vacate forfeiture and exonerate bail and a supporting memorandum of points and authorities. FCS contended the bond was exonerated by operation of law on August 30, 2011 because the trial court placed Govan on probation on that date. The prosecution did not file a written opposition.

The trial court held a hearing on FCS's motion on October 19, 2012. Counsel for FCS and the prosecutor appeared. After hearing oral argument, the court took the matter under submission. On October 23, 2012, the court issued a minute order denying FCS's motion, stating in pertinent part: "Here, because this court has yet to sentence defendant, there can be no statutory exoneration on the bond. Counsel for the moving party [FCS] argues that the defendant was effectively on probation given the pre-conditions set by the court (45 days Cal trans [sic]) for his sentencing. Moving party cites neither case law nor statutory authority in support of that position."

3

FCS filed a timely appeal from the order denying its motion to vacate forfeiture and exonerate bail.

On August 8, 2013, while this appeal was pending, the trial court recalled the bench warrant. On August 28, 2013, the trial court suspended imposition of sentence on the felony count and placed Govan on probation for three years with terms and conditions, including the performance of 45 days of Caltrans.

## DISCUSSION

FCS contends the trial court erred in denying its motion to vacate forfeiture and exonerate bail. FCS argues the bond was exonerated by operation of law under section 1195 on August 30, 2011 because Govan "was released on probation" on that date. County Counsel responds, arguing the trial court did not err in denying FCS's motion because Govan was not sentenced or placed on probation on August 30, 2011, therefore section 1195 was "not triggered," bail was not exonerated, and the court properly forfeited bail on January 30, 2012 when Govan failed to appear.

"Ordinarily, appellate courts review an order denying a motion to vacate the forfeiture of a bail bond under an abuse of discretion standard. [Citation.] When the appellate court is deciding only legal issues, however, such as jurisdictional questions and matters of statutory interpretation, the abuse of discretion standard does not apply. [Citation.] When the facts are undisputed and only legal issues are involved, appellate courts conduct an independent review." (*People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592.) County Counsel, on behalf of the People, asserts the abuse of discretion standard applies. FCS argues "[t]here are no disputed factual issues" and "[t]herefore the de novo standard of review applies." We need not decide this issue because the outcome would be the same regardless of which standard we apply.

Pursuant to the terms of the bail bond at issue here, FCS undertook that Govan would appear in court at all times through pronouncement of judgment or grant of probation, and if Govan did not appear, FCS would pay the People $35,000.

Under section 1305, if a defendant fails to appear on an "occasion prior to the pronouncement of judgment" when "the defendant's presence in court is lawfully

4

required," the "court shall in open court declare forfeited the undertaking of bail . . . ." (§ 1305, subd. (a)(4).) Section 1195 provides, in pertinent part, "If the defendant, who is on bail, does appear for judgment and judgment is pronounced upon him or probation is granted to him, then the bail shall be exonerated . . . ."

At the August 30, 2011 hearing during which the trial court took Govan's no contest plea, the court did not pronounce judgment or place Govan on probation within the meaning of section 1195. The court ordered Govan to complete 45 days of Caltrans service, and continued the sentencing hearing for 18 months. Govan personally waived his rights to be sentenced within 28 days and to be sentenced by the same judge who took his plea. The court further ordered bail to stand and Govan to appear in five months on January 30, 2012 to show proof of enrollment and participation in Caltrans. The court did not place Govan under the supervision of a probation officer.

FCS cites no authority indicating bail is exonerated under the circumstances presented in this case at the August 30, 2011 hearing. Instead, FCS cites a case in which the defendant failed to surrender after being sentenced to prison and granted a three-day stay of execution (see *People v. North Beach Bonding Co.* (1974) 36 Cal.App.3d 663), and cases in which the defendants failed to comply with terms and conditions after being formally placed on probation (see, e.g., *People v. Safety National Casualty Corp.* (2007) 150 Cal.App.4th 11, 13, 17; *People v. Doe* (1959) 172 Cal.App.2d Supp. 812, 814).

FCS also compares this case to drug diversion/deferred entry of judgment cases under section 1000 et seq., in which criminal proceedings are suspended and bail is exonerated when the trial court orders diversion. (See, e.g., *People v. Ormiston* (2003) 105 Cal.App.4th 676, 690.) "Diversion, however, does not constitute a special custodial status or other form of release of the defendant with a promise to appear at further proceedings, but rather a guilty plea and resolution of the case in the nature of "'a specialized form of probation . . .'" for a particular class of defendants." (*Id*. at p. 692; *People v. Orihuela* (2004) 122 Cal.App.4th 70, 73 [same].) The circumstances of this case are not analogous to drug diversion/deferred entry of judgment cases. Here, criminal proceedings were not suspended on August 30, 2011. The trial court ordered

5

Govan to appear five months later on January 30, 2011, in advance of the sentencing hearing, and ordered bail to stand.

The trial court did not err in denying FCS's motion to vacate forfeiture and exonerate bail. At the August 30, 2011 hearing at which the trial court took Govan's no contest plea, bail was not exonerated under section 1195 because judgment had not been pronounced and Govan had not been placed on probation. Criminal proceedings were not suspended. The court ordered Govan to appear five months later. Accordingly, the court ordered bail to stand. When Govan failed to appear at the January 30, 2012 hearing, the court properly ordered bail forfeited.

## DISPOSITION

The order is affirmed. Respondent is entitled to costs on appeal.

NOT TO BE PUBLISHED.


                                                    CHANEY, J.


We concur:



        ROTHSCHILD, Acting P. J.



        JOHNSON, J.